[3 NYS3d 422]

In the Matter of ROBERT A. WAGNER (Admitted as ROBERT ALAN WAGNER), an Attorney, Resignor.

Second Department, March 11, 2015

## APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge, for Grievance Committee for the Tenth Judicial District.

*McDonough & McDonough, LLP*, Garden City (*Chris McDonough* of counsel), for resignor.

## OPINION OF THE COURT

Per Curiam.

Robert A. Wagner (hereinafter the resignor) has submitted an affidavit dated August 26, 2014, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). The resignor was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 21, 1982, under the name Robert Alan Wagner.

The resignor acknowledges that the Grievance Committee for the Tenth Judicial District has moved for authorization to commence a disciplinary proceeding against him based upon a verified petition containing seven charges alleging, inter alia, that he engaged in illegal conduct involving dishonesty, fraud, deceit, or misrepresentation, and adversely reflecting on his fitness as a lawyer, in that he fabricated a $280,000 mortgage note in favor of one of his clients, forged and notarized the signature of the purported maker/guarantor of the note, presented the note to his client to induce the client to make the purported loan, and misappropriated the $280,000 his client entrusted to him as a fiduciary for disbursement to the purported borrower. The resignor acknowledges that he cannot successfully defend himself on the merits of the charges against him.

The resignor avers that his resignation is freely and voluntarily rendered, and that he is not being subjected to coercion or duress by anyone. He has discussed his decision to resign with his attorney, Chris McDonough, as well as with other persons whose advice and counsel he respects, and is fully aware of the implications of submitting the same, including the fact that he will be barred by Judiciary Law § 90 and the

Rules of the Appellate Division from seeking reinstatement as an attorney for a minimum period of seven years.

The resignor acknowledges that the resignation is submitted subject to any application by the Grievance Committee for an order directing that he make restitution, and that he reimburse the Lawyers' Fund for Client Protection of the State of New York, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which may be entered as a civil judgment against him, pursuant to section 90 (6-a) (d). The resignor specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Finally, the resignor acknowledges and agrees that, pending issuance of an order accepting this resignation, he cannot take on any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.

The Grievance Committee recommends that the proffered resignation dated August 26, 2014, be accepted.

Inasmuch as the proffered resignation dated August 26, 2014, complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, the resignor is disbarred, his name is stricken from the roll of attorneys and counselors-at-law, and the Grievance Committee's motion to immediately suspend the resignor and to authorize a disciplinary proceeding against him is denied as academic. The resignor's application dated June 18, 2014, seeking leave to voluntarily resign, is denied.

ENG, P.J., RIVERA, SKELOS, DILLON and BALKIN, JJ., concur.

Ordered that the resignation of Robert A. Wagner, admitted as Robert Alan Wagner, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert A. Wagner, admitted as Robert Alan Wagner, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Robert A. Wagner, admitted as Robert Alan Wagner, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert A. Wagner, admitted as Robert Alan Wagner, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Robert A. Wagner, admitted as Robert Alan Wagner, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the motion of the Grievance Committee for the Tenth Judicial District seeking to immediately suspend the resignor and to authorize a disciplinary proceeding against him is denied as academic; and it is further,

Ordered that the resignor's application dated June 18, 2014, seeking leave to voluntarily resign, is denied.